HOMER WARREN & CO. *v.* OCEAN ACCIDENT & GUARANTEE CORP., LTD.

1. INSURANCE—BOILER, MACHINERY AND ELECTRICAL BREAKDOWN—COMMISSIONS.

   Under agency contract for boiler, machinery and electrical breakdown insurance, inclusive of engineering service, failure of defendant insurer to notify plaintiff agent of segregation of servicing engineers *held*, at most a breach of contract, not a tort, in absence of evidence of fraud, even though it resulted in loss of placement of risk and commissions for plaintiff.

2. SAME—COMMISSIONS—JOINT EFFORTS OF AGENTS.

   Under agency contract insurer is not liable to agent for portion of commission on business placed with another insurer through joint efforts of agents of both insurers.

3. SAME—COMMISSIONS—AMENDMENT OF PLEADING.

   In agent's suit against insurer to recover portion of commission claimed under agency contract where placement of risk was finally made through agent of subsidiary of defendant, which had a larger commission percentage, plaintiff's demand for portion of larger commission and declaration for portion to which it was entitled under its own contract with insurer rendered denial of its request for leave to amend at close of its proofs to claim entire commission due as under its own contract not an abuse of discretion.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 4, 1935. (Docket No. 17, Calendar No. 38,327.) Decided October 11, 1935. Rehearing denied December 10, 1935.

Action by Homer Warren & Company, a Michigan corporation, against the Ocean Accident & Guarantee Corporation, Limited, a foreign corporation, for recovery of commissions and damages. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Harry H. Mead,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

Wiest, J.   Plaintiff was local agent for defendant insurance company in 1930 and, by agreement, was entitled to receive for services 25 per cent. of premiums on insurance procured.

The city of Detroit advertised for bids for insurance in the operation of the Mistersky Power Station, against boiler, machinery and electrical breakdown, inclusive of engineering service, and plaintiff put in a bid, stating names of engineers to be of service.   The Columbia Casualty Company, through the Michigan Insurance Agency, its Detroit agent, also put in a bid, with names of service engineers.   After rejection of one set of bids, rebids were submitted and after considerable bickering, not necessary to detail, the city commission offered to award the insurance, through the two agencies, to defendant company and the Columbia company jointly.

The two agencies were unable to agree upon a split of the commission, half and half of 25 per cent. of the premium, because plaintiff claimed a half of an additional five per cent., and finally the insurance was placed, by city action, with the Columbia company.

Plaintiff brought this suit against the defendant to recover loss of 12½ per cent. of the premium on the ground that defendant, by its acts and nonaction, prevented plaintiff from procuring such commission upon the premium.   Plaintiff had judgment for $6,742.36.

Defendant furnished plaintiff a pamphlet to be used in soliciting insurance risks, showing engineering service maintained by it.

The public lighting commission, in its specifications for insurance, required a statement of the num-

ber of resident engineers and inspectors, located in the city of Detroit, available for the inspection and servicing, with names and addresses.

In its first and rejected bid plaintiff named service engineers, listed in the pamphlet, and also in its renewed bid.

Defendant claims that, on account of decrease in number of risks placed by plaintiff, it had withdrawn from plaintiff's use all but one servicing engineer, and had so given notice; while plaintiff claims the withdrawal was without notice and defeated success of its bid. The commission, having the matter of bids under consideration for some time, tendered the award of the risk jointly, through their respective agencies, to defendant and the Columbia Casualty Company, leaving the details to be worked out by plaintiff and the agent of the Columbia company.

Plaintiff's manager testified:

"Because of the nature of this business that two companies could not be on it jointly, it had been carried by one company, and we agreed that it was to be written in the Columbia Casualty Company, his company, largely because there was an increased commission involved in Mr. Cary's company over ours, and it was decided that our office (plaintiff) was to receive one-half of the total commission divided, the responsibility to be in the company who wrote it."

Plaintiff's contract commission with defendant was 25 per cent. of the premium on insurance placed, while that of the Michigan Insurance Agency, placement agents for the Columbia company, was 30 per cent. of premium. Therefore, plaintiff claimed, not only one-half of 25 per cent. of the total premium, which would be the amount under the joint award, if the insurance had been so written, but, in addition thereto, one-half of the extra five per cent.

The engineering service was of benefit to the insured, by way of inspection to forestall breakage and prevent loss of use of equipment, as well as of benefit to the insurer in minimizing the risk. Maintenance of engineers for agency purposes, however, manifestly depended upon business procured.

In 1930 the premiums on insurance, obtained for the Columbia company by its agent, Michigan Insurance Agency, amounted to $263,000, while that of defendant, obtained for it by plaintiff, amounted to only $8,600. This led defendant to allocate to plaintiff, for insertion in its bids, but one engineer and to the agency for the Columbia company several.

The declaration contained three counts, the third of which charged trespass on the case, in withdrawing engineer allotment without notice, whereby plaintiff lost one-half of 25 per cent. commission in the instance mentioned. The case was submitted to the jury under that count.

We fail to find commission of a tort by defendant. Failure to inform plaintiff of segregation of servicing engineers, if any, was but a breach of contract.

Whether plaintiff would have been awarded the writing of the risk by the city authorities is purely speculative, with probability that the city, under an identical bid by its previous and satisfactory insurer, would have preferred continuance with the Columbia company. At any rate, whether plaintiff so sensed the possibility or not, it entered into a wholly new arrangement with the Michigan Insurance Agency, under which the joint award of risk to the Ocean company and the Columbia company should be cared for by a policy, issued by the Columbia company and the premium split between plaintiff and the Michigan Insurance Agency. The Michigan Insurance Agency, under its agency for the Columbia company,

was entitled to 30 per cent. of the premium, of which five per cent. was to compensate the Michigan agency in maintaining its individual and resident engineer at an expense not likewise borne by plaintiff under its agency. Plaintiff demanded half of such additional five per cent., refused an even split of the 25 per cent. commission, and this disrupted the deal and led to an award of the whole risk to the Columbia company. Thereupon this suit was brought against defendant to recover 12½ per cent. of the premium on the insurance placed by the Michigan agency in the Columbia company, on the ground that, except for breach by defendant of its contract to provide plaintiff with sufficient engineering service, plaintiff would have obtained such commission.

Had plaintiff's consent, under the joint award agreement, been carried out by placement of the whole risk in the Columbia company, with an equal split of commission of the premium, then it would have been entitled to the sum sued for, but only from the Columbia company or the Michigan agency and not from defendant.

Defendant was not liable to plaintiff, under the agency contract, for 12½ per cent. of the premium on the insurance placed in the Columbia company by the Michigan agency and not by plaintiff.

The case was submitted to the jury under the count charging defendant with a tort in abrogating the full engineering service without notice to plaintiff, and with notice to its competitor, the Michigan agency.

It is apparent the defendant, by letter, endeavored to so advise plaintiff, but plaintiff denied receiving it. We discover no fraud or deceit and, therefore, no more than a breach of contract and, in so holding, we have not overlooked the submission of the bid to defendant, with its represented engineering service and the claimed assurance by defendant that it was

satisfactory, although at that time there had been segregation of engineers to the Michigan agency. There is no evidence that such information was fraudulently withheld.

All the stock of the Columbia company was held by defendant and, if corporate entity is ignored, then defendant, through its subsidiary, paid more in commission to the Michigan agency than it would have had to pay if plaintiff had secured the award of the risk for defendant company.

At the close of plaintiff's proofs defendant moved for a directed verdict in its favor on the ground that the evidence established no liability.     This motion was denied and defendant rested on plaintiff's proofs.

The court left it to the jury to say whether the action or nonaction of defendant, under its contract with reference to the engineering service, justified plaintiff in refusing to accept the 12½ per cent., unless there was likewise equal division of the five per cent. which the Michigan Insurance Agency had been getting from the Columbia Casualty Company for its keeping and maintaining in its agency some representative who assisted in engineering these risks. This, and other parts of the instruction, together with plaintiff's declaration and bill of particulars, clearly show that plaintiff was seeking to recover, by reason of acts and nonaction of defendant, loss of the 12½ per cent., or an equal division of the 25 per cent. of the full premium payable to the Michigan agency by the Columbia company.

Plaintiff sought to justify its demand for equal division of the five per cent. on the ground that its contract of agency with defendant called, not only for a specified commission, but also 10 per cent. of the net profits on its business in plaintiff's agency, to be calculated each calendar year, and that half of

the five per cent. should have been allotted to compensate loss of participation in profits if the insurance was placed with the Columbia company.

But plaintiff is not suing for loss of the two and one-half per cent., but for 12½ per cent., or the exact amount it could have had and refused to take, and now claims that defendant wrongfully prevented it from receiving.

Plaintiff's counsel, confronted by such situation, under the pleadings and proofs, asked leave to amend by charging that defendant's acts and nonaction occasioned loss of the award of the whole risk to plaintiff, as agent for defendant, and, therefore, 25 per cent. of the full premium on the risk should be paid. This leave to amend came at the close of the proofs and was so inconsistent with the evidence that the court refused it.

From this holding plaintiff appeals and asks, in case of reversal of the judgment, that it be granted leave to so amend.

Under the pleadings and proofs the judgment entered cannot stand, and no amendment of the declaration can be permitted.

Plaintiff, by its efforts to obtain a percentage of the commission upon placement of the insurance by the Michigan agency and in failing to accomplish such and only by reason of a demand wholly beyond any contract right with defendant, cannot be permitted to evade the consequences thereof and go back and hold defendant for loss of commission on placement by the Michigan agency in the Columbia company.

The judgment is reversed without a new trial, and with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.